THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN J. DUNN,<br><br>Defendant. | PROTECTIVE ORDER PURSUANT TO FED. R. CRIM. P.16(d)<br><br>Case No. 2:23-cr-00375-HCN-JCB-1<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Jared C. Bennett |

After considering the United States' motion for protective order[1] and the parties' argument,[2] the Court enters the following protective order under Fed. R. Crim. P. 16(d):

A.     Sensitive Security Information (SSI).

1.     Some of the discovery in this action has been designated SSI. SSI is a specific category of information that requires protection against unauthorized disclosure under 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520.

2.     Access to SSI is limited to "covered persons" with a "need to know" as set forth in 49 C.F.R. § 1520.7 and § 1520.11. Because the Defendant, his attorney, the court, and its employees are "covered persons" "with a need to know" a portion of information marked as SSI in this case, this Order permits the sharing through discovery materials that are marked as SSI or

---

[1] ECF No. 26.
[2] ECF No. 28.

may contain SSI, provided that the Defendant had prior access to such information. The right of access to discovery materials marked as SSI or containing SSI shall be limited to the court and its employees, the Defendant, counsel for the parties, paralegal, secretarial and clerical personnel in their employment and government personnel the attorney for the United States considers necessary to assist in the performance of his/her duties. Persons designated by counsel for either party as expert witnesses or otherwise critical to the preparation or presentation of the case shall be required to sign a Non-Disclosure Agreement, appended to this protective order. Such persons (other than government personnel) shall be identified to the court in a sealed, *ex parte* notice submitted by the party.

3. All "covered persons" described herein have an express duty to protect against the unauthorized disclosure of SSI and, therefore, must abide by all applicable provisions in 49 C.F.R. Part 1520.

4. Discovery Material that contains SSI may not be further disseminated to persons not identified as "covered persons" "with a need to know" in Paragraph A(4) above except with written permission from TSA.

5. If any party or the court intends to disclose material designated and protected as SSI in open court, the disclosing party must provide notice of such intent to the other party (or both parties in the case of the court) at least five (5) days prior to the hearing at which the disclosure is planned. If the disclosing entity is either Defendant or the court, the government shall be afforded the opportunity to consult with TSA and may request a closed, *in camera* hearing to allow the court to make all determinations concerning the relevance or admissibility of SSI that would otherwise be made during open-court proceedings. During such *in camera*

hearing, the government shall have the opportunity to propose and submit reasonable substitutes for the SSI. If the court determines that the SSI is relevant and admissible, and that no adequate non-SSI substitute is available, TSA shall have the opportunity to seek an exemption from the TSA Administrator authorizing the release of SSI under terms and conditions that would not be detrimental to transportation security pursuant to 49 C.F.R. § 1520.15(e). This paragraph shall apply only to pretrial proceedings. Use and disclosure of material designated and protected as SSI during trial shall be subject to a separate Order as requested by one or both parties and entered by the court.

6. Upon request by any producing entity, or on its own initiative, TSA will review any Discovery Material or documents derived from Discovery Material to assess whether it contains any SSI. To the extent that TSA determines that the specific Discovery Material does not contain any SSI, that specific Discovery Material is no longer subject to this Order.

7. In addition to the requirements of 49 C.F.R. § 1520.13, all documents designated as SSI shall be marked as follows: "Confidential: Subject to SSI Protective Order in *United States v. Dunn*, 2:23-cr-00375-HCN-JCB."

B. <u>Victim and Witness Information</u>.

1. Subject to the separate provisions relating to SSI in Section A above, unredacted discovery (including names, physical addresses, email addresses, and phone numbers of victim(s) and witnesses) may be provided to Defendant's counsel with the following restrictions (paragraphs 2-4):

2. The unredacted discovery produced pursuant to this Order shall not be disclosed or made available for inspection or copying to any person, other than as permitted by this Order.

3.	Unredacted discovery provided pursuant to this Order may be disclosed to the following people: (a) all counsel for the Defendant and other counsel within defense counsel's firm; (b) associates, secretaries, paralegals, private investigators, forensic accountants and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (c) court officials involved in this case.

4.	Unredacted discovery may be provided to the Defendant on the condition that the personal identifying data (including dates of birth and social security numbers), residential address, telephone numbers, email or social media addresses of victim(s) and potential witness(es) and all audio files remain redacted. Audio files may be reviewed with the Defendant, but a copy shall not be left in his possession, custody, or control.

C.	General Provisions.

The following conditions apply to discovery provided pursuant to both Sections A and B above:

1.	The Defendant's attorney is required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case who review or receive discovery.

2.	Boxes, files, and folders containing materials produced subject to this Order shall be marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

3.	Within 90 days of the conclusion of this case, including all related appeals, all unredacted discovery produced pursuant to this protective order, and all copies thereof (other

than exhibits of the court), shall be returned to the United States Attorney's Office. The case shall be considered concluded for purposes of this order once any appeal is concluded (or the time for direct appeal has lapsed), and the time for any other post-conviction relief (other than a motion predicated on 28 U.S.C. § 2255(f)(2)-(4)) has lapsed. Alternatively, the Defendant's attorney may inform the United States Attorney's Office in writing that all such copies have been destroyed.

    4.    The provisions of Paragraph C(3) shall not apply to redacted discovery, which defense counsel may retain at their discretion.

    5.    The provisions of this Order governing disclosure and use of the materials shall not terminate at the conclusion of this criminal prosecution.

IT IS SO ORDERED.

DATED this 9th day of February 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge